# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LYNNE BARNES,

     Plaintiff,

  v.

CIVIL ACTION NO. 2:24-cv-03685

PP STATION SQUARE INVESTORS, LLC d/b/a
PENNBROOK STATION APARTMENTS a/k/a
THE POINT AT PENNBROOK STATION,
LINCOLN PROPERTY COMPANY a/k/a
LINCOLN PROPERTY COMPANY MID
ATLANTIC, WILLOW BRIDGE PROPERTY
COMPANY, MSVEF-MF PENNBROOK
STATION PA LP, and ABC CORP 1-10,

     Defendants.

## WILLOW BRIDGE PROPERTY COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Willow Bridge Property Company (hereinafter "Willow Bridge") by and through their attorneys, Campbell Conroy & O'Neil, P.C., hereby responds to the Complaint of Plaintiff Lynne Barnes (hereinafter, "Plaintiff"). Except as expressly admitted herein, Willow Bridge denies all allegations contained in Plaintiff's Complaint.

## PARTIES[1]

1.  After reasonable investigation, Willow Bridge lacks sufficient knowledge and information to admit or deny the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

---

[1] Willow Bridge's answer includes the headings as they appear in Plaintiff's complaint. However, Willow Bridge denies any and all contentions, allegations, conclusions of law, characterizations, or generalizations included in such headings.

2.       After reasonable investigation, Willow Bridge lacks sufficient knowledge and information to admit or deny the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3.       After reasonable investigation, Willow Bridge lacks sufficient knowledge and information to admit or deny the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

4.       Willow Bridge admits only that it maintains a business address at 2000 McKinney Ave., Suite 1000, Dallas, TX 75201. Willow Bridge denies the remaining allegations and characterizations in Paragraph 4 of Plaintiff's Complaint.

5.       After reasonable investigation, Willow Bridge lacks sufficient knowledge and information to admit or deny the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6.       After reasonable investigation, Willow Bridge lacks sufficient knowledge and information to admit or deny the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7.       After reasonable investigation, Willow Bridge lacks sufficient knowledge and information to admit or deny the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8.       Willow Bridge denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.       The allegations in Paragraph 9 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is required, Willow Bridge denies the same and demands strict proof thereof at trial.

## VENUE

10.     After reasonable investigation, Willow Bridge lacks sufficient knowledge and information to admit or deny the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

## FACTS

11.     After reasonable investigation, Willow Bridge lacks sufficient knowledge and information to admit or deny the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12.     The allegations in Paragraph 12 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 12 of Plaintiff's Complaint. Willow Bridge further specifically denies that any conduct by Willow Bridge caused or contributed to Plaintiff's alleged damages.

13.     Willow Bridge denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Willow Bridge denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     After reasonable investigation, Willow Bridge lacks sufficient knowledge and information to admit or deny the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16.     After reasonable investigation, Willow Bridge lacks sufficient knowledge and information to admit or deny the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17.      Willow Bridge denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     The allegations in Paragraph 18 of Plaintiff's Complaint are conclusions of law, to which no answer is required. To the extent an answer is required, Willow Bridge denies the allegations in Paragraph 18 demands strict proof thereof at trial.

3

19. The allegations in Paragraph 19 of Plaintiff's Complaint are conclusions of law, to which no answer is required. To the extent an answer is required, Willow Bridge denies the allegations in Paragraph 19 demands strict proof thereof at trial.

20. Willow Bridge denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Willow Bridge denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Willow Bridge denies the allegations in Paragraph 22 of Plaintiff's Complaint.

## INJURIES

23. After reasonable investigation, Willow Bridge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 including all subparts (a)–(r) of Plaintiff's Complaint and, therefore, denies the same. To the extent the allegations in Paragraph 23 of Plaintiff's Complaint seek to express or imply negligence, causation, damages, or other liability to Willow Bridge, they are expressly denied.

## COUNT I – NEGLIGENCE
### LYNN BARNES V. DEFENDANT PP ST A TION SQUARE INVESTORS, LLC d/b/a PENNBROOK STATION APARTMENTS a/k/a THE POINT AT PENNBROOK STATTON

24. Willow Bridge incorporates by reference its responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if fully stated herein.

25. The allegations in Paragraph 25 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. The allegations in Paragraph 26 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     The allegations in Paragraph 27 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     The allegations in Paragraph 28 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 28 of Plaintiff's Complaint.

**WHEREFORE**, defendant Willow Bridge Property Company respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

### COUNT II - NEGLIGENCE
### LYNN BARNES V. LINCOLN PROPERTY COMPANY a/k/a LINCOLN PROPERTY COMPANY MID ATLANTIC

29.     Willow Bridge incorporates by reference its responses to Paragraphs 1 through 28 of Plaintiff's Complaint as if fully stated herein.

30.     The allegations in Paragraph 30 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     The allegations in Paragraph 31 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     The allegations in Paragraph 32 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     The allegations in Paragraph 33 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 33 of Plaintiff's Complaint.

**WHEREFORE**, defendant Willow Bridge Property Company respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

**COUNT III - NEGLIGENCE**
**LYNN BARNES V. DEFENDANT WILLOW BRIDGE PROPERTY COMPANY**

34.     Willow Bridge incorporates by reference its responses to Paragraphs 1 through 33 of Plaintiff's Complaint as if fully stated herein.

35.     Willow Bridge denies the allegations in Paragraph 30 of Plaintiff's Complaint, including all subparts (a)–(n).

36.     Willow Bridge denies it was negligent and therefore denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Willow Bridge denies it was negligent and therefore denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Willow Bridge denies it was negligent and therefore denies the allegations in Paragraph 38 of Plaintiff's Complaint.

**WHEREFORE**, defendant Willow Bridge Property Company respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

**COUNT IV-NEGLIGENCE**
**LYNN BARNES V. DEFENDANT MSVEF-MF PENNBROOK STATION PA LP**

39.     Willow Bridge incorporates by reference its responses to Paragraphs 1 through 38 of Plaintiff's Complaint as if fully stated herein.

6

40.     The allegations in Paragraph 40 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     The allegations in Paragraph 41 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     The allegations in Paragraph 42 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     The allegations in Paragraph 43 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 43 of Plaintiff's Complaint.

**WHEREFORE**, defendant Willow Bridge Property Company respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

<u>**COUNT V - NEGLIGENCE**</u>
**LYNN BARNES V. DEFENDANT ABC CORP 1-10**

44.     Willow Bridge incorporates by reference its responses to Paragraphs 1 through 43 of Plaintiff's Complaint as if fully stated herein.

45.     The allegations in Paragraph 45 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     The allegations in Paragraph 46 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     The allegations in Paragraph 47 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     The allegations in Paragraph 48 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 48 of Plaintiff's Complaint.

**WHEREFORE**, defendant Willow Bridge Property Company respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

### COUNT VI - NEGLIGENCE *PER SE*
### LYNN BARNES v. PP STATION SQUARE INVESTORS, LLC d/b/a PENNBROOK STATION APARTMENTS a/k/a THE POINT AT PENNBROOK STATION

49.     Willow Bridge incorporates by reference its responses to Paragraphs 1 through 48 of Plaintiff's Complaint as if fully stated herein.

50.     The allegations in Paragraph 50 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     The allegations in Paragraph 51 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     The allegations in Paragraph 52 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     The allegations in Paragraph 53 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     The allegations in Paragraph 54 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55.     The allegations in Paragraph 55 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 55 of Plaintiff's Complaint.

**WHEREFORE**, defendant Willow Bridge Property Company respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

## COUNT VII - NEGLIGENCE PER SE
**LYNN BARNES v. LINCOLN PROPERTY COMP ANY a/k/a LINCOLN PROPERTY COMPANY MID ATLANTIC**

56.     Willow Bridge incorporates by reference its responses to Paragraphs 1 through 55 of Plaintiff's Complaint as if fully stated herein.

57.     The allegations in Paragraph 57 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.     The allegations in Paragraph 58 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     The allegations in Paragraph 59 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.     The allegations in Paragraph 60 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61.     The allegations in Paragraph 61 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     The allegations in Paragraph 62 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 62 of Plaintiff's Complaint.

**WHEREFORE**, defendant Willow Bridge Property Company respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

### COUNT VIII - NEGLIGENCE PER SE
### LYNN BARNES v. WILLOW BRIDGE PROPERTY COMPANY

63.     Willow Bridge incorporates by reference its responses to Paragraphs 1 through 62 of Plaintiff's Complaint as if fully stated herein.

64.     The allegations in Paragraph 64 of Plaintiff's Complaint are conclusions of law, to which no answer is required. To the extent an answer is required, Willow Bridge denies the allegations in Paragraph 64 demands strict proof thereof at trial.

65.     Willow Bridge denies it was negligent and therefore denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66.     Willow Bridge denies it was negligent and therefore denies the allegations in Paragraph 66 of Plaintiff's Complaint.

67.     Willow Bridge denies it was negligent and therefore denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68.     Willow Bridge denies it was negligent and therefore denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69.     Willow Bridge denies it was negligent and therefore denies the allegations in Paragraph 69 of Plaintiff's Complaint.

**WHEREFORE**, defendant Willow Bridge Property Company respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

## COUNT IX - NEGLIGENCE PER SE
## LYNN BARNES v. MSVEF-MF PENNBROOK STATION PA LP

70.     Willow Bridge incorporates by reference its responses to Paragraphs 1 through 69 of Plaintiff's Complaint as if fully stated herein.

71.     The allegations in Paragraph 64 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 64 of Plaintiff's Complaint.

11

72.     The allegations in Paragraph 64 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 64 of Plaintiff's Complaint.

73.     The allegations in Paragraph 64 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 64 of Plaintiff's Complaint.

74.     The allegations in Paragraph 64 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 64 of Plaintiff's Complaint.

75.     The allegations in Paragraph 64 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 64 of Plaintiff's Complaint.

76.     The allegations in Paragraph 64 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 64 of Plaintiff's Complaint.

**WHEREFORE**, defendant Willow Bridge Property Company respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

**COUNT X - NEGLIGE CE PER SE**
**LYNN BARNES v. DEFENDANT ABC CORP 1-10**

77.     Willow Bridge incorporates by reference by its responses to Paragraphs 1 through 76 of Plaintiff's Complaint as if fully stated herein.

78.     The allegations in Paragraph 78 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 78 of Plaintiff's Complaint.

79.     The allegations in Paragraph 79 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 79 of Plaintiff's Complaint.

80.     The allegations in Paragraph 80 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 80 of Plaintiff's Complaint.

81.     The allegations in Paragraph 81 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 81 of Plaintiff's Complaint.

82.     The allegations in Paragraph 82 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 82 of Plaintiff's Complaint.

83.     The allegations in Paragraph 83 of Plaintiff's Complaint are directed to a party other than Willow Bridge, so no response is required. To the extent a response is required, Willow Bridge denies the allegations in Paragraph 83 of Plaintiff's Complaint.

**WHEREFORE**, defendant Willow Bridge Property Company respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

## AFFIRMATIVE DEFENSES

1.     Willow Bridge hereby incorporates by reference its responses to Paragraphs 1 through 83 of the Complaint as though same were fully set forth hereinafter at length.

13

2.    Plaintiff's Complaint fails to state claims against Willow Bridge on which relief can be granted.

3.    Plaintiff's alleged damages may be limited or reduced to the extent there has been a failure to take reasonable steps to mitigate any alleged damages.

4.    Plaintiff be barred from or limited in their recovery because of Plaintiff's comparative and/or contributory negligence.

5.    Willow Bridge was not negligent and was not a proximate or producing cause of the damages claimed by Plaintiff.

6.    Plaintiff's alleged damages were caused by the intervening and superseding acts and/or omissions of a third party or third parties.

7.    Any injury or damage sustained by Plaintiff resulted from the negligence and/or acts and/or fault of the Plaintiff.

8.    At the time and place alleged in the Complaint, Plaintiff was negligent by failing to use that degree of care that would have been used under the same or similar circumstances by an ordinary, reasonable and prudent person and this negligence on their part was the sole proximate cause of the alleged injuries complained of in the Complaint.

9.    The events, circumstances, injuries and/or damages averred in the Complaint arose from the conduct of persons, entities and/or associations, over which Willow Bridge had no control.

10.    Willow Bridge pleads all rights and defenses to which he may be entitled under state law and/or the facts of this case.

11.    Willow Bridge reserves the right to invoke any and all affirmative defenses raised by any other defendants who may later become parties to this action.

12.   Plaintiff's claims may be barred in whole or limited by the Pennsylvania Comparative Negligence Act.

**WHEREFORE**, defendant Willow Bridge Property Company respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

Respectfully Submitted,

**CAMPBELL CONROY & O'NEIL, P.C.**

Date: August 8, 2024                     By:     /s/ Kristin N. Ganderton

Kristin N. Ganderton, Esquire
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Telephone: (610) 727-5022
kganderton@campbell-trial-lawyers.com
*Attorney for Defendants Lincoln Eastern Management Corp. (improperly identified as "Lincoln Property Company a/k/a Lincoln Property Company Mid Atlantic"), Willow Bridge Property Company, and MSVEF MF Pennbrook Station PA LP*

## CERTIFICATE OF SERVICE

I, Kristin N. Ganderton, Esquire, do hereby certify that on August 8, 2024, I electronically filed the foregoing *Answer to Complaint* with the Clerk of Court using the Court's electronic filing system (ECF), which will send notification of such filing to all counsel of record.

CAMPBELL CONROY & O'NEIL, P.C.

By: */s/ Kristin N. Ganderton*
Kristin N. Ganderton, Esquire
*Attorney for Defendants Lincoln Eastern Management Corp. (improperly identified as "Lincoln Property Company a/k/a Lincoln Property Company Mid Atlantic"), Willow Bridge Property Company, and MSVEF MF Pennbrook Station PA LP*

Dated: August 8, 2024

16